IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01551-BNB

MAZEEN J. KHERDEEN,

    Plaintiff,

v.

ARAPAHOE COUNTY SHERIFF DEPARTMENT - OFFICE,
SHERIFF J. GRAYSON ROBINSON, Individually and Under the Color of The Law,
COMMANDER CAPTAIN BRICE MOOMAW, Individually and Under the Color of The Law,
SGT. L. ROSS, #9662, Individually and Under the Color of The Law,
SGT. SEMMELBECK, #9635, Individually and Under the Color of The Law,
DEPUTY SEXTON, #CH0012, Individually and Under the Color of The Law,
DEPUTY LENON, #03072, Individually and Under the Color of The Law,
DEPUTY ROBINSON, Individually and Under the Color of The Law,
DEPUTY SPAIN, #03092, Individually and Under the Color of The Law,
DEPUTY R. BRASH, #03062, Individually and Under the Color of The Law,
ARAPAHOE COUNTY SHERIFF'S OFFICE / COURT SERVICES DEPUTY, #9851, Individually and Under the Color of The Law,
CAPTAIN BAY, Individually and Under the Color of The Law,
LEUTANANT [sic] MARES, Individually and Under the Color of The Law,
DENVER COUNTY SHERIFF, Individually and Under the Color of The Law,
DENVER SHERIFF'S SGT. ROBERTS, Individually and Under the Color of The Law,
DENVER SHERIFF'S SGT. ESPONOZA, Individually and Under the Color of The Law,
DENVER MAYOR JOHN HECKENLOOPER [sic], Individually and Under the Color of The Law,
DENVER GENERAL HOSPITAL aka DENVER HEALTH ("DH"),
DR. NANCY DEBOREY, Individually and as a Medical Doctor at Denver Health,
DR. JENNIFFER ADAMS,
NURSE CHIP EDWARDS, Individually and as a Medical Nurse at Denver Health,
CORRECTIONAL HEALTH CARE MANAGEMENT ("CHCM"),
ROBERT LAUDERDALE, Individually and as Chief Executive of CMCH,
DR. SINGH, Individually as an Employee of CHCM and or Arapahoe County Detention ("ACDF"),
DR. FURR, Individually as an Employee of CHCM and or ACDF,
NURSE HEIDI, Individually as an Employee of CHCM and or ACDF,
DR. MOSER, Individually as an Employee of CHCM and or ACDF,
NURSE PAULA, Individually as an Employee of CHCM and or ACDF,
ARAPAHOE COUNTY DETENION [sic] FACILITY/ MEDICAL HEALTH AUTHORITY,
ARAPAHOE COUNTY DETENTION FACILITY ("ACDF"),

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 2 9 2006

GREGORY C. LANGHAM
                   CLERK

ARAPAHOE COUNTY LAW LIBRARY,
SHEILA CLARK, Individually and as a Librarian of the Arapahoe County Law Library,
ARAMARK FOOD SERVICE ("Aramark"),
EDIE KILMORE, Food Service Director, Individually and as employee of Aramark,
MAURICE WORMACK, Food Service Manager, Individually and as employee of Aramark,
JANE STADICK, Food Service Dieteticnist [sic], Individually and as employee of Aramark,
COLORADO 18TH JUDICIAL DISTRICT,
ARAPAHOE COUNTY DISTRICT COURT ("ACDC"),
JUDGE JOHN LEOPOLD, Chief Judge, ACDC, Individually and as a Judge,
JUDGE WHITE, ACDC Judge, Individually and as a Judge,
JUDGE CHERRYL POST, ACDC Judge, Individually and as a Judge,
ARAPAHOE COUNTY COURT ("ACC"),
JUDGE CHRISTINA N. CHAUCHE, Individually and as an ACC Judge in Div [sic] 204,
JUDGE CHRISTOPHER C. CROSS, Individually and as an ACC Judge in Div [sic] A-2,
MAGISTRATE EDWARD BURNS, Individually and as an ACC Magistrate in Div [sic] C1,
DENVER COUNTY COURT,
JUDGE BREEZE, Individually and as a Judge at DCC, Ct [sic] Room 186L,
ARAPAHOE DISTRICT ATTORNEY'S OFFICE ("ACDAO"),
CAROL CHAMBERS, Individually and as an ACDA,
CAROL CHAMBERS, Individually and as an Assistant ACDA,
JOHN W. SUTHERS, Individually and as State of Colorado Attorney General,
KATHLEEN L. SPALDING, Individually and as State of Colorado Assistant Attorney General,
FRANK WEDDIG, Arapahoe County Commissioner,
BILL OWENS, Individually and as a Governor of the State of Colorado,
GEORGE W. BUSH, Individually and as a President of The United States of America,
COLORADO MUSLIM SOCIETY ("CMS"),
MASJID ABU-BAKR,
ABDULLA SULEIMAN, aka ABU NAJEEB, Individually & as a Member of CMS,
MOHAMMAD ASHOUR, Individually and as a Member of CMS,
AMERA CLEAN,
NUBUILT,
MUNIR LADIN, Individually and as a Board member of CMS Shura,
AMANULLAH MOHAMMEDI, Individually and as a Board member of CMS Shura,
HAITHAM NASR, Individually and as a Board member of CMS Shura,
ANIS JAD, Individually and as a Board member of CMS Shura,
EMAMUDIN GHIAS, Individually and as a Board member of CMS Shura,
DRSHLER NAWAZ, Individually and as a Board member of CMS Shura,
SYED I. ASIF, Individually and as a Board member of CMS Shura,
AMMAR AMENETE, Individually and as an Imam Member of CMS Shura,
AHMAD NABHAU, Individually and as a Former Imam Member of CMS Shura,
MAPLE TREE MORTGAGE, ("MTM"),

LANCE FELDMAN, ("MTM"), an Executive of MTM,
KAMAL IBRAHEEM, ("MTM"), Member of CMS,
GREENWOOD VILLAGE POLICE DEPARTMENT,
JUDGE MARK HENEN, Individually and as ACDC Judge,
JUDGE MARILYNN LEONARD, Individually and as ACDC Judge,
JUDGE PHASING, Individually and as ACDC Judge,
MONWAN J. KHAIREDDIN,
HIYAM KHAIREDDIN,
GARY L. CRANDELL,
ROBERT M. SINGER,
JOSEPH MURR,
JOHN DOE and JANE DOE,
CHRISTOPHER BANMAN,
ATTORNY [sic] RANDY CORPORON,
ATTORNEY WALTER GERASH, and
CHANNEL 4 NEWS - KCNC News,

Defendants.

---

ORDER TO FILE AMENDED COMPLAINT AND TO SHOW CAUSE

---

Plaintiff Mazeen J. Kherdeen has filed *pro se* a complaint for money damages and injunctive relief pursuant to 42 U.S.C. § 1983 (2003), and 28 U.S.C. § 1343 (1993). He also seeks habeas corpus relief, i.e., his immediate release from the Arapahoe County Sheriff's Department and the withdrawal of all charges against him. To the extent Mr. Kherdeen seeks habeas corpus relief, his claims must be asserted in a habeas corpus action after exhaustion of state court remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973). The Court will not consider the merits of any habeas corpus claims in this action because Mr. Kherdeen does not allege, and there is no indication, that he has exhausted state court remedies.

The Court must construe the complaint liberally because Mr. Kherdeen is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

3

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the *pro se* litigant's advocate.  *Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Kherdeen will be ordered to file an amended complaint and to show cause why the claims concerning his conditions of confinement should not be dismissed for failure to exhaust available administrative remedies.

The Court has reviewed the complaint and has determined that the complaint is deficient because it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."  The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct."  Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and

brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Kherdeen's complaint is vague. For example, it is not clear to the Court whether Mr. Kherdeen is a pretrial detainee awaiting trial and whether he currently is confined at a detention facility. The complaint does not include a short and plain statement of his claims showing that he is entitled to relief in this action. *See* Fed. R. Civ. P. 8(a)(2). Mr. Kherdeen's complains about his allegedly warrantless arrest on January 28, 2006, on charges of first-degree assault on a police officer, felony eluding, and resisting arrest. He also complains about losing income during his incarceration at the Arapahoe County Detention Facility. He makes vague allegations about the conditions of his confinement, i.e., having his rights to privacy and to freedom of religion violated, and being subjected to negligent medical treatment.

Rather than summarizing each claim succinctly, Mr. Kherdeen apparently expects the Court to speculate who is being sued for what and how his constitutional rights have been violated. That is not the Court's job. It is Mr. Kherdeen's responsibility to edit and organize his claims and supporting allegations into a manageable format. Neither the defendants nor the Court is required to do this work for him. Mr. Kherdeen must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights.

Mr. Kherdeen must assert each defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish

personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as Denver Mayor John Hickenlooper, may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8 and that Mr. Kherdeen should be given an opportunity to file an amended complaint. He will be directed to do so below.

In addition, it is not clear whether Mr. Kherdeen has exhausted his conditions-of-confinement claims through the detention facility's grievance system. Pursuant to 42 U.S.C. § 1997e(a) (Supp. 2006), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." An inmate must exhaust administrative remedies before seeking judicial relief regardless of the relief sought and offered through administrative procedures, *see Booth v. Churner*, 532 U.S. 731, 739 (2001), and regardless of whether the suit

involves general circumstances or particular episodes. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Although it is unclear whether Mr. Kherdeen currently is incarcerated, he apparently was confined at the Arapahoe County Detention Facility when his conditions-of-confinement claims arose. Therefore, he must exhaust the available administrative remedies as to those claims. Furthermore, 42 U.S.C. § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Kherdeen must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. Finally, § 1997e(a) imposes a total exhaustion requirement on prisoners. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004). If Mr. Kherdeen has failed to exhaust administrative remedies for any one of his conditions-of-confinement claims, all such claims must be dismissed. Mr. Kherdeen's statement that "I have filed about 200 kites of complaints and grievances," *see* complaint at 7, fails to satisfy the requirement that either he attach copies of administrative proceedings or describe their disposition with specificity. Therefore, Mr. Kherdeen will be ordered to show cause why the conditions-of-confinement claims should not be dismissed for failure to exhaust the detention facility's administrative grievance procedure.

Finally, Mr. Kherdeen is advised that he must provide the addresses for each named defendant and sufficient copies of the amended complaint to serve each named defendant. The Court will not make the copies necessary for service. Therefore, Mr.

Kherdeen should review his claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Mr. Kherdeen file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with the directives in this order and that shows cause why the conditions-of-confinement claims should not be dismissed for failure to exhaust the available administrative remedy procedure. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Kherdeen, together with a copy of this order, two copies of the following form for use in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Kherdeen provide the addresses for each named defendant and submit sufficient copies of the amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Mr. Kherdeen fails to comply with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED August 29, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01551-BNB

Mazen J. Kherdeen
P.O. Box 24930
Denver, CO 80224

    I hereby certify that I have mailed a copy of the **ORDER** and **two copies of Prisoner Complaint** to the above-named individuals on 8/29/06

GREGORY C. LANGHAM, CLERK

By: _____
                Deputy Clerk